**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **AJITPAUL SINGH KAHLON and SIRIUS XAVIER MICHAELS,**<br><br>    *Plaintiffs,*<br><br>**v.**<br><br>**UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY, GEORGIA,**<br><br>    *Defendant.* | **CIVIL ACTION NO.**<br>**3:26-cv-00013-TES** |

**ORDER**

Pro se Plaintiffs Ajitpaul Singh Kahlon ("Kahlon") and Sirius Xavier Michaels

("Michaels") commenced this civil action on January 29, 2026 by filing a Complaint

[Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without

prepaying fees and costs. *See* [Doc. 2]; [Doc. 3]. Because the Court **GRANTS** Plaintiffs'

Motions for Leave to Proceed IFP and waives the filing fees, the Court must screen their

Complaint. *See* 28 U.S.C. § 1915(e).

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Authority for granting a plaintiff permission to file a lawsuit without prepayment

of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding,

> civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After reviewing Plaintiffs' applications, the Court **GRANTS** Plaintiffs' Motions for Leave to Proceed *In Forma Pauperis* or, stated differently, grants them IFP status. [Doc. 2]; [Doc. 3].

## FRIVOLITY REVIEW

### A.    Legal Standard

Since Plaintiffs are proceeding *in forma pauperis*, § 1915(e) requires the Court to review their pleadings to determine whether they are frivolous or malicious or fail to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that "§ 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United*

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

*States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

### B.   Plaintiffs' Complaint

Courts construe complaints filed by pro se plaintiffs liberally and hold their allegations to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, despite the Court's liberal construction, a pro se litigant is still required to follow a court's local rules and the Federal Rules of Civil Procedure like litigants who are represented by counsel. *Fotse v. Angel Oak Prime Bridge, LLC*, 2020 WL 9936688, at *4 (N.D. Ga. Feb. 27, 2020) (citing

*Allison v. Utah Cnty. Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004)). In their Complaint, Plaintiffs seek relief for alleged violations of their First, Fourth, and Fourteenth Amendment rights by Defendant Athens-Clarke County. *See generally* [Doc. 1]. Plaintiffs' claims broadly stem from a series of events initiated by Plaintiff Kahlon's discharge from his employment at the Athens-Clarke County School District as he was placed under investigation by the Athens-Clarke County Police Department for allegations of sexual harassment against students. [Doc. 1, p. 2]. From there, both Plaintiffs had multiple run-ins with various individuals affiliated with the Athens-Clarke County School Police Department and the Athens-Clarke County Police Department.

Plaintiffs' first claim is that Defendant violated Plaintiff Kahlon's Fourteenth Amendment rights via 42 U.S.C. § 1983. Plaintiffs claim that "Chief of Police Terry Reid violated U.S. Const. [A]mend. XIV, § 1 by threatening to abridge Plaintiff [Kahlon's] right to life and liberty[ ] by imposing that he would use his authority to make an unreasonable arrest for harassment." [*Id.* at p. 5]. Plaintiff Kahlon further alleges that Chief Reed's "threat to arrest Plaintiff without probable cause further violates U.S. Const. amend XIV, § 1, because the action would be devoid of due process." [*Id.*]. Here, however, the lone named Defendant is the Unified Government of Athens-Clarke County, Georgia. While county governments are considered "persons" for purposes of § 1983, they "cannot be held liable *solely* because it employs a tortfeasor—or, in other

words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, while local government entities "may not be sued under § 1983 for an injury inflicted solely by its employees or agents," they can be held liable "when execution of a . . . policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694; *Epps v. Watson*, 3:05-CV-68(CDL), 2006 WL 8445883, at *8 (M.D. Ga. May 25, 2006) (first citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); and then citing *Monell*, 436 U.S. at 694) ("It is true that a local government entity may not be held liable under § 1983 solely for the acts of its employees—§ 1983 liability must be predicated upon the acts of the *entity*."), *aff'd*, 492 F.3d 1240 (11th Cir. 2007).

In the instant case, Plaintiffs have alleged virtually no facts to indicate that any employee of Defendant acted in accordance with any policy or custom promulgated by Defendant. It is not clear from Plaintiffs' Complaint whether any such custom or policy even exists. Rather, Plaintiffs enumerate a separate cause of action for *Monell* Liability under 42 U.S.C. § 1983. [*Id.* at pp. 10–11]. Under that claim for relief, Plaintiffs vaguely allege that "[t]he conduct described herein establishes a persistent and longstanding pattern that proves a de facto custom or practice of abuse of power amongst people who are entrusted to enact under the authority of law enforcement, as demonstrated in the various constitutional violations and unlawful acts committed by officers under the

Defendant[']s municipality." [*Id.* at p. 11]. These allegations, however, amounts to nothing more than a legal conclusion, which the Court is not bound to accept. *Iqbal*, 556 U.S. at 678. When a party merely offers legal conclusions, courts must "identify [those] conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 681). When the Court, as *McCullough* instructs, disregards Plaintiffs' conclusory allegations, there is nothing left for it to determine whether they states a plausible *Monell* claim against Athens-Clarke County. Without more, these scant allegations are not enough to sustain a claim under § 1983 against Defendant.

The same can be said for each of Plaintiffs' subsequent § 1983 claims, which include violation of the First and Fourth Amendments as well as conspiracy. Because Plaintiffs have named only the Unified Government of Athens-Clarke County as a defendant in this action, each claim must be analyzed for liability under *Monell*. The same issues befall each of Plaintiffs' additional claims. They have simply provided no information beyond barebones legal conclusions to support a *Monell* claim against Defendant. Beyond a brief insufficient statement on Defendants' "lack of training and supervision," they have listed no policy or custom from Defendant that would necessitate a finding of liability. [*Id.* at p. 11]. In short, Plaintiffs' claims are woefully insufficient to state a plausible *Monell* claim against Defendant.

7

C.    **Order to Recast**

If Plaintiffs wish to proceed with this action, the Court **ORDERS** Plaintiffs to recast their Complaint within 21 DAYS of the date of this Order. When drafting their Recast Complaint, Plaintiffs must list, preferably in numbered paragraphs, responses to the following questions (to the extent possible) along with the name of each Defendant:

(1)  What did each Defendant do (or not do) to violate your rights? In other words: What was the extent of each Defendant's authority or role in the allegedly prohibited conduct? Was that Defendant personally involved in the alleged violation? If not, did that Defendant's actions otherwise cause the alleged violation? How do you know?

(2) When and where did each violation occur (to the extent memory allows)?

(3) How were you harmed as a result of each Defendant's actions or decisions?

(4) How and when did each Defendant learn of the purported violation?

(5) What did each Defendant do (or not do) in response to this knowledge?

(6) What relief do you seek from each Defendant?

Plaintiffs should state their claims as simply as possible and need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8. When submitted for filing, Plaintiffs' Recast Complaint must show this case number: **3:26-cv-00013-TES**. Plaintiffs' failure to comply with this Order may result in the dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motions for Leave to

Proceed IFP [Doc. 2]; [Doc. 3]. Once Plaintiffs file their Recast Complaint, the Court will

review their pleading to determine whether it is frivolous pursuant to 28 U.S.C.

§1915(e).

**SO ORDERED**, this 6th day of March, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**