IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| AJITPAUL SINGH KAHLON and SIRIUS XAVIER MICHAELS, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY, GEORGIA, <br><br> *Defendant*. | CIVIL ACTION NO. <br> **3:26-cv-00013-TES** |

## ORDER

In their Recast Complaint [Doc. 6], pro se Plaintiffs Ajitpaul Singh Kahlon and Sirius Xavier Michaels bring several claims against Defendant Unified Government of Athens-Clarke County, Georgia. The Court previously granted Plaintiffs leave to proceed in forma pauperis but directed them to file a recast complaint to allow the Court to properly review their pleading under 28 U.S.C. § 1915(e). *See* [Doc. 5]. Plaintiffs filed their Recast Complaint on March 26, 2026. [Doc. 6]. Taking Plaintiffs' Recast Complaint under review, the Court may now review the pleading according to § 1915(e).

## FRIVOLITY REVIEW

### A. Legal Standards

Since Plaintiffs are proceeding *in forma pauperis*, § 1915(e) requires the Court to

review their pleading to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that "§ 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and

factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Neitzke*, 490 U.S. at 326. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

### B.    Plaintiff's Complaint

To begin, the Court notes that pleadings filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal ones

drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Even with this consideration, however, Plaintiffs' Recast Complaint still misses the mark. Plaintiffs' Recast Complaint alleges that "Athens-Clarke County violated [Plaintiff Kahlon's] rights by failing to prohibit their employees from abusing their authority, practicing law unfairly, or failing to exercise due care." [Doc. 6, p. 1]. Plaintiffs assert that "[t]his custom could otherwise be deemed 'abuse of process.'" [*Id.*]. By Plaintiffs' own admission, "Athens-Clarke County was not directly involved . . . " [*Id.*]. Plaintiffs continue by adding that Defendant's "lack of involvement has enabled a widespread custom of officers maliciously abusing their authority, being deliberately unfair in the practice of law, and failing to exercise due care; otherwise abusing due process." [*Id.*].

While local governments are considered "persons" for purposes of § 1983, they "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, while local government entities "may not be sued under § 1983 for an injury inflicted solely by its employees or agents," they can be held liable "when execution of a . . . policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694; *Epps v. Watson*, 3:05-CV-68(CDL), 2006 WL 8445883, at *8 (M.D. Ga. May 25, 2006) (first citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); and then citing *Monell*, 436 U.S. at 694), *aff'd*, 492 F.3d 1240 (11th Cir. 2007) ("It is

true that a local government entity may not be held liable under § 1983 solely for the acts of its employees—§ 1983 liability must be predicated upon the acts of the entity.").

Without more, however, this Court does not agree that Plaintiffs have alleged sufficient facts to bring such a claim against Defendant. Plaintiffs' allegations do not describe a specific custom or policy, nor do they explain how Defendant promulgated any alleged custom or policy. At best, these allegations are conclusory and are not sufficient to support a claim against Defendant. Instead, Plaintiffs' Recast Complaint reads as a vague list of grievances against several officers that are not listed as defendants in this action. Nothing included in Plaintiffs' Recast Complaint necessitates a finding of liability against the Unified Government of Athens-Clarke County. A review of Plaintiffs' Recast Complaint reveals more of the same throughout. In short, Plaintiffs' claims are woefully insufficient to state a plausible *Monell* claim against Defendant. As such, Plaintiffs' claims must be **DISMISSED**.

**<u>CONCLUSION</u>**

Accordingly, upon review of Plaintiffs' Recast Complaint under 28 U.S.C. § 1915(e), the Court **DISMISSES** it **with prejudice** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this 31st day of March, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

5
